PEOPLE v MICHAEL KELLER
PEOPLE v MELINDA KELLER

Docket Nos. 264865, 265118. Submitted March 8, 2006, at Detroit. Decided March 30, 2006, at 9:00 a.m. Leave to appeal sought.

Michael D. Keller and Melinda S. Keller were charged in the Genesee Circuit Court with possession with intent to deliver marijuana and with maintaining a drug house. Both defendants filed motions in limine to suppress evidence obtained in their house during the execution of a search warrant. The court, Geoffrey L. Neithercut, J., denied the motions to suppress the evidence, ruling that a violation of the affidavit requirements of MCL 780.653 does not, by itself, warrant the application of the exclusionary rule. However, the court ruled that defense counsel could argue to the jury that the police misled the magistrate and violated Michigan law when they sought and obtained the warrant. The prosecution appealed by leave granted in each case, and the appeals were consolidated.

The Court of Appeals *held*:

The trial court erroneously denied the defendants' motions to suppress the evidence obtained in the search. The information relied on in the affidavit, the tip, was not given directly to the police officer by the anonymous informant, so the police could not demonstrate that the informant spoke with personal knowledge of the information as required by MCL 780.653(b). The tip and a search of trash that revealed negligible amounts of marijuana could not constitute a substantial basis for a reasonable person to find probable cause, i.e., for inferring a fair probability that evidence of drug trafficking would be found at the defendants' house. Any evidence obtained pursuant to the warrant was illegally obtained and should be suppressed under the exclusionary rule, unless an exception applies. The prosecution's argument that the good-faith exception to the exclusionary rule should apply fails because it cannot be concluded that the police acted in objectively reasonable, good-faith reliance on the search warrant, and because the affidavit was insufficient and the magistrate wholly abandoned his judicial role when he issued the warrant.

Reversed and remanded.

TALBOT, J., dissenting, stated that the appeal may be decided

only on the issue raised in the prosecution's applications for leave to appeal and supporting brief. MCR 7.205(D)(4). Leave for an interlocutory appeal was granted to consider the circuit court's decision that defense counsel could argue to the jury that the police misled the magistrate and violated Michigan law when they sought and obtained the warrant. The constitutionality of the search is not a matter being appealed and may not be resolved in this appeal. Regarding the issue properly before the Court of Appeals, Judge TALBOT agreed with the prosecution that the circuit court erred in deciding that defense counsel could argue to the jury that the police misled the magistrate and violated Michigan law when they sought and obtained the search warrant. MCL 780.657 and 780.658 provide remedies for improper affidavits, but they do not provide the remedy granted. The affidavit did not mislead the magistrate. MCL 780.653 does not provide the remedy that was granted, and a violation of MCL 780.653 is irrelevant to the issues to be decided by the jury. Judge TALBOT would reverse the trial court's orders to the extent that they allow defense counsel to argue that the police misled the magistrate and violated Michigan law when they sought and obtained the search warrant.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, *David S. Leyton,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Research, Training, and Appeals, and *John R. Prokos,* Assistant Prosecuting Attorney, for the people.

*James J. Zimmer* for the defendants.

Before: DAVIS, P.J., and CAVANAGH and TALBOT, JJ.

CAVANAGH, J. In these consolidated appeals, the prosecution appeals by leave granted the trial court's orders denying defendants' motions to suppress evidence obtained from the execution of a search warrant, but ruling that defense counsel could argue to the jury that the police misled the magistrate and violated Michigan law when they sought and obtained the search warrant. We reverse the denial of defendants' respective motions

to suppress; therefore, we need not reach the question whether defendants may argue police misconduct to the jury.

On appeal the prosecution argues that the trial court erred when it ruled that defense counsel could argue to the jury that the police misled the magistrate and violated Michigan law when they sought and obtained the search warrant. After review de novo, we conclude that the trial court erroneously denied defendants' motions to suppress.[1] See *People v Hickman*, 470 Mich 602, 605; 684 NW2d 267 (2004).

First, we agree with the trial court's conclusion that the magistrate erred in issuing the search warrant. "Probable cause to issue a search warrant exists where there is a 'substantial basis' for inferring a 'fair probability' that contraband or evidence of a crime will be found in a particular place." *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000), citing *People v Russo*, 439 Mich 584, 603-604; 487 NW2d 698 (1992). A "finding of reasonable or probable cause shall be based upon all the facts related within the affidavit . . . ." MCL 780.653. Here, the affidavit was based on information provided by an unnamed person. Such

---

[1] We respectfully disagree with our dissenting colleague's position that we are not permitted to consider this issue in the absence of a cross-appeal. The prosecutor argues on appeal that the search warrant at issue was valid and, thus, any remarks to the contrary by defendants to the jury would be inappropriate, i.e., defendants were not entitled to such a remedy. Obviously, to properly address the prosecutor's argument on appeal, defendants were required to argue that the trial court correctly determined that the search warrant was unlawfully issued and that they were entitled to the proper remedy for the violation, just as they argued in the trial court. Ultimately, then, the issues in this case are whether the search warrant was lawfully issued and, if not, the remedy to which defendants were entitled. These issues are inextricably linked. Further, pursuant to authority granted to us by MCR 7.216(A), we deem this relief just under the circumstances of this case.

information is deemed sufficient if the magistrate can "conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable." MCL 780.653(b).

In this case, the "tip" was not given directly to the police by the anonymous informant and the police could not prove that the informant spoke with personal knowledge of the information. Furthermore, because the police had never used the anonymous informant in the past, they could not prove that the anonymous informant was credible. Moreover, after several days of surveillance investigation and a "trash pull," the police only found a marijuana cigarette butt (a roach) in the trash and possibly a small amount of marijuana residue in a pizza box—not evidence of marijuana manufacture or delivery; thus, the police could not prove that the information that the anonymous informant supplied was reliable. See *People v Levine*, 461 Mich 172, 180-183; 600 NW2d 622 (1999). Therefore, the "tip" information in the affidavit did not meet the requirements of MCL 780.653(b), and the trial court properly concluded that the magistrate erred in issuing the search warrant. See *Kazmierczak*, *supra*.

But the trial court relied on our Supreme Court's decision in *People v Hawkins*, 468 Mich 488, 513; 668 NW2d 602 (2003), to conclude that the exclusionary rule was not the proper remedy. The trial court was correct in noting that a violation of the statutory affidavit requirements set forth in MCL 780.653 does not, by itself, warrant the application of the exclusionary rule. *Hawkins*, *supra* at 502, 510-511. However, the *Hawkins* Court did not address the dispositive issue that we have here—whether the affidavit as a whole contained enough facts to establish probable cause to

issue the warrant and, if not, whether the exclusionary rule applies in the context of a constitutional violation. Const 1963, art 1, § 11. The *Hawkins* Court specifically indicated that it was considering only the issue of a statutory violation. *Id.* at 497, 498, 500.

Considering the search warrant and the underlying affidavit, as read in a commonsense and realistic manner, we conclude that a reasonably cautious person could not have concluded that there was a "substantial basis" for the finding of probable cause, i.e., for inferring a "fair probability" that evidence of drug trafficking would be found at defendants' house. See *Russo, supra* at 603-604. The warrant was supported by an affidavit that contained primarily two statements allegedly inferring probable cause: (1) "an anonymous tip," purportedly received by the affiant[2] without mention of any other supportive or descriptive information, and (2) a trash pull that revealed a marijuana roach and some possible marijuana residue. The alleged "tip" was that "large quantities of marijuana was [sic] being sold and manufactured out of" defendants' house which, obviously, is at significant odds with the uncovered evidence. These assertions do not provide a "substantial basis" for inferring a fair probability that evidence of drug trafficking would be found at defendants' house. Therefore, any evidence obtained pursuant to the warrant was illegally obtained and should be suppressed by the operation of the exclusionary rule unless an exception applies. See *People v Stevens (After Remand)*, 460 Mich 626, 634-635; 597 NW2d 53 (1999).

The exception, if any, that would appear to apply under the circumstances is the good-faith exception.

---

[2] At the preliminary examination it was revealed by the affiant that she did not directly receive the anonymous tip, contrary to her sworn statement; rather, Crime Stoppers received the tip.

When the police act in reasonable and good-faith reliance on a search warrant, the items seized need not be suppressed if the warrant is later declared invalid. *People v Goldston*, 470 Mich 523, 526, 538; 682 NW2d 479 (2004). Here, we cannot conclude that the police acted in objectively reasonable, good-faith reliance on the search warrant. The information in the affidavit was misleading. The affiant indicated that she had directly received the anonymous tip when, in fact, Crime Stoppers received the tip and then conveyed it to the police. And the affidavit indicates that only a roach and some possible marijuana residue were found during a trash pull—hardly evidence that would lead a reasonable person to believe that drug trafficking was occurring at the house. Further, the good-faith exception is also inapplicable where the judge "wholly abandons his judicial role . . . ." *Id.* at 531, 542. Because the affidavit was insufficient, we would also conclude that the magistrate wholly abandoned his judicial role when he issued the warrant. For these reasons, we conclude that the good-faith exception is inapplicable in this case. Accordingly, we reverse the trial court's denials of defendants' respective motions to suppress. In light of the resolution of this issue, it is unnecessary to reach the question whether defendants could argue police misconduct to the jury.

Reversed and remanded. We do not retain jurisdiction.

DAVIS, P.J., concurred.

TALBOT, J. (*dissenting*). On October 14, 2005, this Court granted the prosecution's applications for leave to appeal, "limited to the issues raised in the application

and supporting brief. MCR 7.205(D)(4)."[1] The issue raised by the prosecution in its applications for leave to appeal was:

> Where the trial court denies defendant's motion to suppress evidence obtained pursuant to a search warrant, may defense counsel argue to the jury that the police intentionally and deliberately misled the magistrate in seeking the warrant?

Defendants never applied for leave to appeal and have not cross-appealed. Instead, defendants attempted to reframe the issue on which this Court granted leave by stating in their responsive briefs:

> The Correctly Stated Issue Presented by Defendant-Appellee
>
> Whether the Circuit Court should have denied the Defendant-Appellee's motion to suppress when finding that the police, in seeking the search warrant, misled the magistrate, violated Michigan Statute MCL 780.653, and that the anonymous tip coupled with a trash pull, which netted a "roach" and some crumbs of marijuana, was not sufficient to give rise to probable cause; in other words, should the exclusionary rule be applied[.]

Defendants have done no more than improperly restate the issue for which this Court granted leave to the prosecution and, thus, have failed to properly raise their purported "issue" before this Court on appeal. Defendants have not even requested this Court to allow them to raise any additional grounds for appeal. Defendants' argument has, therefore, not been properly briefed for this Court's consideration at this time. Under these circumstances, I do not believe this Court

---

[1] *People v Michael D Keller*, unpublished order of the Court of Appeals, entered October 14, 2005 (Docket No. 264865); *People v Melinda S Keller*, unpublished order of the Court of Appeals, entered October 14, 2005 (Docket No. 265118).

should sua sponte alter the prosecution's issue on appeal. There were numerous avenues for defendants to seek review of the circuit court's ruling on their motions to suppress that would have afforded the prosecution an opportunity to fully brief and address their claim; however, defendants have not availed themselves of any of them. I, therefore, respectfully dissent from the majority's decision to address defendants' issue without full briefing and argument.

Defendant Michael Keller's motion in limine to suppress "any and all evidence obtained as a result of the execution of a search warrant" contains no brief in support of the motion and amounts to nothing more than a disconnected list of statements attacking the reliability of the search warrant. The motion stated that the anonymous tip at issue in this case failed to meet the standards set forth in MCL 780.653. The only constitutional arguments found in this motion are conclusory statements of constitutional infirmity, citing *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978), *People v Sloan*, 450 Mich 160; 538 NW2d 380 (1995),[2] and *People v Stumpf*, 196 Mich App 218; 492 NW2d 795 (1992), without any additional analysis. Specifically, there is no citation of *United States v Leon*, 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), *People v Goldston*, 470 Mich 523; 682 NW2d 479 (2004), or the good-faith exception to the exclusionary rule, which defendants now argue the circuit court erred in applying.

After hearing defendants' motions, the circuit court agreed with defendants that the police violated MCL 780.653, but, following *People v Hawkins*, 468 Mich 488; 668 NW2d 602 (2003), refused to order suppression of

---

[2] Overruled by *People v Hawkins*, 468 Mich 488; 668 NW2d 602 (2003).

the evidence obtained pursuant to the warrant.[3] Rather, the circuit court fashioned its own remedy, allowing defendants to argue to the jury that the police intentionally violated the law of the state and misled the magistrate when seeking the search warrant. At no point did the circuit court address defendants' constitutional arguments or order an evidentiary hearing pursuant to *Franks* to determine whether the remaining evidence was sufficient to issue the warrant, nor did defendants request such a hearing.

Generally, an issue is not properly preserved if it is not raised before, addressed by, or decided by the circuit court. *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). Here, defendants did not raise, and the circuit court did not address or decide, the constitutional argument defendants now assert on appeal, which argument concerns the proper application of the good-faith exception to the exclusionary rule as discussed in *Goldston*. Thus, defendants have not preserved their argument. Furthermore, in cases for which leave to appeal was granted, the appeal is limited to the issues raised in the application, MCR 7.205(D)(4), and the appellee may not assert additional issues through a purported cross-appeal, *Wilcoxon v Wayne Co Neighborhood Legal Services*, 252 Mich App 549, 555; 652 NW2d 851 (2002). Rather, an appellee is limited to the issues raised by the appellant unless the appellee cross-appeals as provided in MCR 7.207. *Barnell v Taubman Co, Inc*, 203 Mich App 110, 123; 512 NW2d 13 (1993).

Here, this Court granted the prosecution leave to appeal only on the issue raised in the application, which

---

[3] The transcript of the hearing on defendants' motions to suppress indicates that the circuit court only addressed the violation of MCL 780.653, but did not reach the constitutional issues defendants now raise on appeal.

concerned the appropriateness of the trial court's remedy of allowing defense counsel to argue to the jury that the police intentionally violated state law and misled the magistrate in seeking the search warrant. Defendants now wish to challenge the trial court's denial of their motions to suppress without seeking leave to appeal this decision or filing a cross-appeal. Moreover, defendants' argument on appeal raises constitutional concerns, such as the proper application of the good-faith exception to the exclusionary rule, that were not presented before or addressed by the circuit court. Despite our Supreme Court's admonition that appellate courts should avoid deciding constitutional issues when it is possible to resolve a case on other grounds, *People v Riley,* 465 Mich 442, 447; 636 NW2d 514 (2001), and the fact that defendants never even requested this Court to permit additional grounds for appeal pursuant to its discretionary powers under MCR 7.216, the majority, nonetheless, chose to address defendants' restatement of the prosecution's issue on appeal as though defendants had originally brought this appeal. As a result, the prosecution has not had the opportunity to fully brief or respond to defendants' purported counterstatement of the prosecution's issue. Defendants' appeal of the circuit court's order denying their motions to suppress is simply not properly before this Court. *Barnell, supra* at 123, citing MCR 7.207 ("Defendant's failure to cross appeal precludes our review of this issue.").

The prosecution's appeal, however, is properly before this Court. Turning to that issue, and only that issue, the prosecution argues that the circuit court erred when it ruled that defense counsel could argue to the jury that the police misled the magistrate and violated MCL 780.653 when they sought and obtained the search warrant. I agree.

In *Hawkins, supra* at 502, 510-511, our Supreme Court held that suppression is not an appropriate remedy where the objective of the exclusionary rule, "to sanction police misconduct as a means of deterrence," would not be served, for example, when a mere statutory violation of the affidavit requirements of MCL 780.653 has occurred.[4] The *Hawkins* Court concluded that the Legislature did not specifically intend the remedy of exclusion for a violation of the affidavit requirements of MCL 780.653. *Hawkins, supra* at 502. The *Hawkins* Court further supported its conclusion that exclusion was not an intended remedy by showing that the Legislature provided specific sanctions in MCL 780.657[5] and MCL 780.658[6] for a violation of MCL 780.653. *Hawkins, supra* at 511 n 23.

According to the Court's reasoning in *Hawkins*, it follows that if the Legislature intended to allow a defendant to argue to the jury that the police illegally obtained a search warrant as a remedy for a violation of MCL 780.653, it would have specifically listed such a remedy and would not have provided the specific remedies in MCL 780.657 and MCL 780.658. The circuit

---

[4] Although defendants argue on appeal that a constitutional, and not merely a statutory, violation occurred when the police obtained the search warrant, this issue is not properly before this Court because defendants have not properly raised it either in the circuit court or on appeal. Therefore, for the purposes of this appeal, I will assume, without deciding, that the circuit court correctly denied defendants' motions to suppress.

[5] MCL 780.657 provides that "[a]ny person who in executing a search warrant, willfully exceeds his authority or exercises it with unnecessary severity, shall be fined not more than $1,000.00 or imprisoned not more than 1 year."

[6] MCL 780.685 provides that "[a]ny person who maliciously and without probable cause procures a search warrant to be issued and executed shall be fined not more than $1,000.00 or imprisoned not more than 1 year."

court, therefore, erred when it ruled that defense counsel could argue to the jury that the police misled the magistrate and violated Michigan law when they sought and obtained the search warrant. First, the affidavit in support of the warrant did not mislead the magistrate, but merely presented statements that the magistrate erroneously concluded were sufficient to support the warrant; thus, the evidence would not support the argument.[7] See *People v Stanaway*, 446 Mich 643, 686; 521 NW2d 557 (1994); *People v McCain*, 84 Mich App 210, 215; 269 NW2d 528 (1978) ("An attorney may not argue or refer to facts not of the record . . . ."). Second, MCL 780.653 does not provide such a remedy. See *Hawkins, supra* at 511 n 23. Third, a violation of MCL 780.653 is not relevant to the issues to be decided by the jury—whether defendants committed the charged offenses. MRE 401 and 402.

Confining this Court's disposition to the resolution of the issue for which this Court granted leave, I would reverse the circuit court's orders to the extent that they allow defense counsel to argue to the jury that the police misled the magistrate and violated Michigan law when they sought and obtained the search warrant.

---

[7] I disagree with the majority's characterization that the affidavit was misleading in that it "indicated that [the affiant] had directly received the anonymous tip . . . ." *Ante* at 451. The affidavit merely stated that the affiant "received an anonymous tip," but, as the term anonymous would indicate, it does not state from whom she received the tip.