**UNITED STATES of America,**
**Plaintiff,**

v.

**Timothy CUNNINGHAM, Defendant.**

**No. 00–CR–0181.**

United States District Court,
E.D. Wisconsin.

June 5, 2001.

Daniel H. Sanders, Milwaukee, WI, for plaintiff.

Martin E. Kohler, Milwaukee, WI, for defendant.

### DECISION AND ORDER

ADELMAN, District Judge.

On September 19, 2000, defendant Timothy Cunningham was indicted for assaulting federal agents and for being a felon in possession of a weapon. Subsequently he moved to suppress a firearm found in a search of his residence conducted with a search warrant issued by a Milwaukee County court commissioner. A federal magistrate judge heard the motion and recommended that it be denied. Defendant timely objected, and the government filed a response. I review the recommendation of the magistrate judge de novo. *See* 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Defendant objects to two conclusions reached by the magistrate judge: (1) that the affidavit supporting the application for the warrant was sufficient to establish probable cause; and (2) that the affidavit adequately set forth facts relating to a garbage search which preceded the application for the warrant. I address the latter objection first.

### A. Garbage Search

Prior to applying for the search warrant for defendant's residence at 3118 North 54th Street, the police conducted a search of the garbage at the premises and found traces of cocaine. Milwaukee police detective Carol Mascari stated in her affidavit that the traces of cocaine found in the garbage search were one of the bases on which she sought the warrant.

 If the warrantless garbage search was illegal, then evidence uncovered from the search cannot be used to support the issuance of the search warrant for defendant's residence. *United States v. Redmon,* 138 F.3d 1109, 1111 (7th Cir. 1998). The legality of a garbage search depends on whether the defendant had a reasonable expectation of privacy in the garbage, a fact-intensive issue that can only be determined on a case by case basis. *Id.* at 1111–12. Generally, the legality of a garbage search is challenged in the context of a motion to suppress evidence obtained in a search pursuant to a residential search warrant issued on the

basis of the evidence recovered in the garbage search. *See, e.g., id.*

■ Defendant, however, does not challenge the legality of the garbage search. Instead, he asserts that Mascari's affidavit does not disclose sufficient facts to have enabled the court commissioner to determine whether the garbage search was legal. However, defendant cites no authority suggesting that an affidavit in support of an application for a search warrant must include facts demonstrating the legality of a previous search or that the court commissioner was obliged to decide that question. As previously stated, the legality of garbage searches is usually determined in the context of a subsequent motion to suppress rather than at the time a warrant is sought.

I note, however, that Mascari's affidavit is a form affidavit subtitled somewhat misleadingly "(form to be used for garbage searches)." The form is not used to obtain permission for garbage searches, but to obtain warrants based on evidence uncovered in warrantless garbage searches. It would undoubtedly be useful to a judicial officer evaluating an application for a warrant based on evidence obtained in a garbage search if the form affidavit included a statement by the police officer concerning where the garbage was located. Such information is relevant to whether the defendant had a reasonable expectation of privacy in the garbage, which is the principal legal issue raised by garbage searches. *See id.* at 1112.

Nevertheless, both because defendant fails to cite any legal basis for his position and because he does not challenge the legality of the search itself, the magistrate judge's decision that the affidavit was legally adequate with respect to the garbage search will be adopted.

## B. Probable Cause

■ Defendant argues that the magistrate judge wrongly concluded that Mascari's affidavit recited probable cause. The test of whether probable cause exists is whether the affidavit demonstrates that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Ill. v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Although the evidence at issue was seized by state officials, because this is a federal proceeding I determine the legality of the search and seizures as if they were executed by federal officers. *United States v. Mealy,* 851 F.2d 890, 907 (7th Cir.1988).

■ Here, the trace amount of cocaine discovered as the result of the garbage search is obviously a significant finding in connection with the probable cause determination. However, as the magistrate judge stated, this finding by itself is insufficient to establish probable cause that contraband would be found at defendant's residence. The presence of cocaine traces in garbage does not necessarily give rise to an inference that additional drugs are located on the premises. Cocaine traces may be attributable to one time personal use of drugs by either a resident or a third party. The question then becomes whether Mascari's affidavit contains additional information that together with the cocaine traces establishes probable cause that evidence of a crime would be found at defendant's residence.

■ Additional information in the affidavit includes citizen complaint information about defendant's activities, statements by Mascari, and information apparently from unnamed informants about lookouts. When probable cause rests on information from informants I must determine from the totality of the circumstances whether probable cause exists.

*United States v. McKinney,* 143 F.3d 325, 328 (7th Cir.1998). The information must be sufficiently reliable to support a finding of probable cause. *United States v. Lloyd,* 71 F.3d 1256, 1262 (7th Cir.1995). Factors relevant to reliability include whether the informant made first-hand observations, the degree of detail provided, whether the police corroborated the informant's story with independent investigation and whether the informant testified at the probable cause hearing. *McKinney,* 143 F.3d at 328. Wholly conclusory statements are insufficient to establish probable cause. *Gates,* 462 U.S. at 239, 103 S.Ct. 2317. I now apply these criteria to the additional information in the Mascari affidavit.

▮ First, the affidavit cites citizen complaint information indicating that the occupants of defendant's residence were storing and manufacturing drugs. This statement is of little, if any, value in establishing probable cause. The statement contains no indication concerning when the complaints were made or when the alleged wrongdoing occurred. The age of information is relevant to reliability, and old information may be too stale to establish probable cause. *United States v. McNeese,* 901 F.2d 585, 596–597 (7th Cir. 1990), *overruled on other grounds by United States v. Westmoreland,* 240 F.3d 618, 632–33 (7th Cir.2001). More importantly, the statement includes no facts from which it could be inferred that the complaints were reliable. No first hand observations are cited, no detail is provided and none of the complainants testified at the probable cause hearing.

The government argues that a statement by Mascari in the affidavit that the defendant was known to store and distribute narcotics from the residence corroborated the citizen complaints. But Mascari's statement is no less conclusory than the information it supposedly corroborates.

Her statement includes no facts on which the allegation about storage and distribution is based. One conclusory statement does not corroborate another. The total absence of facts supporting the officer's conclusion makes it impossible for a judicial officer to independently determine whether there is probable cause.

▮ The government also relies on Mascari's statement that the defendant was convicted of several criminal offenses, the most recent being in March 1990. However, the fact that a defendant has a criminal record, particularly one without recent offenses, adds little to the quantum of evidence relevant to the probable cause issue. Finally, the government cites Mascari's statement that she was advised within the previous 72 hours that lookouts were observed at defendant's home within the previous ten days. However, once again, this statement is wholly conclusory because the officer provides no information suggesting that the informant is reliable and no detail from which reliability might be inferred.

▮ Thus, except for the statement about cocaine traces in the garbage, the information in Mascari's affidavit is extremely thin. It consists only of conclusory statements provided by informants not shown to be reliable or conclusory statements by Mascari which are devoid of factual support. As previously stated, a series of conclusory statements does not add up to probable cause. Therefore, I disagree with the magistrate judge's recommendation that the affidavit established probable cause and decline to adopt it.

## C. *Leon* Exception

▮ The government argues that even if the warrant was unsupported by probable cause, the firearm discovered pursuant to the execution of the warrant should nevertheless be admitted into evi-

dence against the defendant under the so called good faith exception to the exclusionary rule. Under this exception courts will not suppress evidence when a police officer relies in objective good faith on a faulty but facially valid search warrant. *United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). To determine if the officer exhibited objective good faith reliance, the court asks whether " 'a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.' " *United States v. Dickerson,* 975 F.2d 1245; 1249 (7th Cir.1992) (quoting *Leon,* 468·U.S. at 922, 104 S.Ct. 3405). Defendant must not only prove that there was no probable cause, but that the officer knew that there was no probable cause. *United States v. Fairchild,* 940 F.2d 261, 264 (7th Cir.1991). "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Pless,* 982 F.2d 1118, 1125 (7th Cir.1992). This is a difficult standard. *Fairchild,* 940 F.2d at 264.

Based on the facts in the present case, I cannot say that a reasonably well-trained officer would have known that the search was illegal. The existence of cocaine traces and the statements in Mascari's affidavit, even though conclusory, are sufficient to preclude the inference that Mascari knew that there was no probable cause. Further, although I believe the court commissioner should have been more careful and should not have authorized the search warrant based on the affidavit before her, there is no suggestion in the record that she abandoned her proper role or that Mascari was dishonest or reckless in preparing her affidavit. Thus, notwithstanding my view on the probable cause issue, I am compelled to conclude that the

*Leon* exception to the exclusionary rule applies and that the motion to suppress must be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the magistrate judge's recommendation is **ADOPTED** with respect to the garbage search issue, **REJECTED** as to the probable cause issue, but **ADOPTED** regarding the final outcome of the motion to suppress.

**IT IS FURTHER ORDERED** that defendant Timothy Cunningham's motion to suppress physical evidence is **DENIED.**