CAVANAGH, J.
(dissenting). Because I believe that the search warrant issued in this case was constitutionally invalid, I respectfully dissent. I would affirm the judgment of the Court of Appeals.
I. THE CONSTITUTIONALITY OF THE SEARCH WARRANT
I disagree with the majority’s conclusion that the search warrant was constitutionally valid. The United States Constitution requires search warrants to be based “upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” US Const, Am IY[1] Those seeking the warrant must demonstrate to the magistrate their probable cause to believe that “the evidence sought will aid in a particular apprehension or conviction” for a particular offense. Warden, Maryland Penitentiary v Hayden, 387 US 294, 307; 87 S Ct 1642; 18 L Ed 2d 782 (1967). To determine whether probable cause exists, a magistrate must evaluate “whether, given all the circumstances ..., including the ‘veracity’ and ‘basis of knowledge’ of persons sup *485 plying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.” Illinois v Gates, 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983).
In Michigan, these constitutional mandates are implemented in part by MCL 780.651(1) and MCL 780.653, which require that probable cause be shown through an affidavit presented to a magistrate who will decide, on the basis of the facts related within the affidavit, whether to issue a warrant. If an affidavit contains hearsay information, MCL 780.653 calls for assurances that the information is credible and based on personal knowledge. An affidavit based on information from an unnamed source must include “affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable.” MCL 780.653(b).
The search warrant issued in this case failed to meet the constitutional standards enunciated in Gates and implemented by MCL 780.653(b). Our role in reviewing the constitutional validity of a search warrant is to assess the magistrate’s determination to ensure that there was a “ ‘substantial basis for... concluding]’ that probable cause existed.” Gates, supra at 238-239, quoting Jones v United States, 362 US 257, 271; 80 S Ct 725; 4 L Ed 2d 697 (1960). The search warrant was supported by an affidavit that contained information from an anonymous source[2] and evidence from a “trash *486 pull” conducted at defendants’ residence. The information in the affidavit did not provide a substantial basis for concluding that a search of defendants’ residence would uncover evidence of drug trafficking.
Under Gates and MCL 780.653, the magistrate must consider the basis of the source’s knowledge. The affidavit contained no indication that the anonymous source spoke with personal knowledge of defendants’ alleged manufacturing and distribution scheme. The mere assertion that marijuana was being manufactured in a hidden room of a residence does not amount to an “explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand,” that would build confidence in the source’s information. Gates, supra at 234.
In addition, the affidavit failed to establish the credibility of the anonymous source. For example, the affiant did not indicate that the source had provided reliable information in the past. Nor did the evidence discovered in the trash pull demonstrate that the source was credible or the information reliable by corroborating the allegation of drug trafficking. The trash pull uncovered remnants of a single burnt marijuana cigarette, while the source had accused defendants of manufacturing and selling large quantities of marijuana in their home. The information contained in the affidavit entirely failed to establish the source’s credibility and the accuracy of the information.
Of course, no single factor — the source’s basis of knowledge, the reliability of the information, or the veracity of the source — is dispositive. Under the totality-of-the-circumstances analysis of Gates, the magistrate weighs the “various indicia of reliability” to make a “balanced assessment” of an informant’s tip. Id. But here no factor weighed heavily enough to justify *487 crediting the anonymous tip. And without the anonymous tip, the affidavit contained only evidence of a single burnt marijuana cigarette retrieved through a trash pull — not enough evidence to conclude that defendants’ residence was being used to sell and manufacture large quantities of marijuana. Accordingly, the magistrate did not have a substantial basis for believing that a search of defendants’ residence would uncover evidence of marijuana manufacturing and sale.
The majority contends that even if the anonymous source was unreliable, the warrant was nonetheless valid because the marijuana discovered in the trash pull supplied “probable cause to search the home for additional contraband.” Ante at 477. But this assertion completely disregards the scope of the warrant. The Fourth Amendment expressly requires that a search warrant “particularly describ[e] the place to be searched, and the persons or things to be seized.” A search that exceeds the scope of its authorizing warrant is constitutionally invalid. “[A]n otherwise unobjectionable description of the objects to be seized is defective if it is broader than can be justified by the probable cause upon which the warrant is based.” 2 LaFave, Search & Seizure (4th ed), § 4.6(a), p 607. The evidence recovered from the trash pull alone cannot validate a search under the warrant issued in this case. The warrant authorized a search for evidence of narcotics distribution when at most the trash pull would have only established probable cause for possession of marijuana.[3] A warrant *488 issued for drug possession would only authorize a search for marijuana and possibly paraphernalia used in the consumption of marijuana, not the array of evidence of distribution authorized by the warrant in this case. The majority entirely overlooks the discrepancy between the trash-pull evidence and the scope of the issued warrant.
II. PARTIAL SUPPRESSION
To justify the search under this warrant, the majority adopts a doctrine known as “partial suppression” or *489 “severance.” According to this doctrine, invalid portions of a warrant may be severed from valid portions of a warrant; the evidence obtained pursuant to the invalid portion is suppressed, while the evidence obtained through the valid portion is admissible. United States v Sells, 463 F3d 1148, 1150 (CA 10, 2006). Whether Michigan should adopt this rule is a question distinct from whether it should be applied in this case. Unfortunately, in its eagerness to adopt this rule, the majority neglects crucial safeguards that federal circuit courts consider before applying the doctrine.[4] As one circuit court explained:
That severance may he appropriate in theory does not mean it is appropriate in a particular case. The doctrine is not available where no part of the warrant is sufficiently particularized, where no portion of the warrant may be meaningfully severed, or where the sufficiently particularized portions make up only an insignificant or tangential part of the warrant. [United States v George, 975 F2d 72, 79-80 (CA 2, 1992) (citations omitted).]
More pertinent to the case at hand, severance may be improper “if probable cause existed as to only a few of *490 several items listed . 2 LaFave, supra, § 3.7(d), p 436 n 214. The majority errs in adopting and applying the severance doctrine without adequately considering the circumstances of this particular case.
I would not apply the severance doctrine to the warrant involved here. A number of jurisdictions limit the use of the doctrine to cases in which a significant portion of the warrant is valid. For example, the Tenth Circuit Court of Appeals applies the doctrine “only if ‘the valid portions of the warrant [are] sufficiently particularized, distinguishable from the invalid portions, and make up the greater part of the warrant.’ ” Sells, supra at 1151, quoting United States v Naugle, 997 F2d 819, 822 (CA 10, 1993). This warrant was disproportionally invalid. This is not a case in which the allegedly valid evidence formed the greater part of the warrant. In fact, evidence of marijuana possession was just one portion of a warrant that also sought other controlled substances, currency, distribution paraphernalia (various forms of which were enumerated at length), papers establishing ownership, and records of drug transactions. It is evident from considering the warrant as a whole that the purpose of this search was to uncover evidence of a drug distribution scheme.[5] That defendants may have also engaged in personal possession and consumption of marijuana was incidental to the greater part of the warrant. The majority *491 conflates Sells’s directive that a court should “evaluate the relative scope and invasiveness of the valid and invalid parts of the warrant” with the plain view doctrine. Sells, supra at 1160. This approach would foster abuse of the warrant process, as the police would be encouraged to include small, numerous items in a warrant simply to ensure that an otherwise invalid warrant can be salvaged under the severance doctrine. Further, a warrant’s “scope” and “invasiveness” is not defined merely in terms of the locations that may be searched. Rather, those terms also encompass the types of evidence sought. And clearly the types of evidence justified in a search for marijuana possession make up a lesser portion of the entire types of evidence sought under this warrant.
Further, the purportedly valid portion of the warrant is not sufficiently distinguishable from the invalid portions to support severance. In the affidavit, the trash pull and the anonymous tip were used to support a search for the same evidence — evidence of marijuana manufacturing and sale. The warrant did not distinguish between marijuana that was merely in defendants’ possession and marijuana that was part of the suspected marijuana distribution operation. Consequently, the purportedly valid portion of the warrant cannot realistically be distinguished from the invalid portions. Thus, this warrant is not suitable for severance.
Additionally, as will be addressed further in part III, there is evidence that the affiant acted in bad faith. Most jurisdictions consider the presence of bad faith on the part of the police to preclude the application of the severance doctrine, and I would do the same.
III. THE GOOD-FAITH EXCEPTION
The good-faith exception to the warrant requirement does not salvage the constitutionality of the search of *492 defendants’ home. The good-faith exception provides that when police act in reasonable and good-faith reliance on a search warrant, the items seized need not be suppressed if the warrant is later declared invalid. United States v Leon, 468 US 897, 920-921; 104 S Ct 3405; 82 L Ed 2d 677 (1984); People v Goldston, 470 Mich 523, 541; 682 NW2d 479 (2004). However, the exception does not apply if the issuing magistrate “was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.” Leon, supra at 923, citing Franks v Delaware, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978). In addition, the exception does not apply when the magistrate “wholly abandoned his judicial role,” when the warrant is facially deficient, or when the affidavit is “ ‘so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.’ ” Leon, supra at 923, quoting Brown v Illinois, 422 US 590, 611; 95 S Ct 2254; 45 L Ed 2d 416 (1975).
The good-faith exception fails to apply here on at least two grounds: the police officers did not act in objectively reasonable reliance on the warrant because the affidavit plainly did not comply with MCL 780.653, and the affiant misled the magistrate. To invoke the good-faith exception, the officers must have reasonably relied on the warrant. Reasonable reliance is gauged by an objective standard that “requires officers to have a reasonable knowledge of what the law prohibits.” Leon, supra at 919 n 20, citing United States v Peltier, 422 US 531, 542; 95 S Ct 2313; 45 L Ed 2d 374 (1975). MCL 780.653 requires that affidavits based on information from an anonymous source include allegations that could lead the magistrate to conclude that the source spoke with personal knowledge and either that the *493 source is credible or that the information is reliable.[6] The warrant in this case clearly violated MCL 780.653 because the supporting affidavit was based on an anonymous tip, yet it contained none of the information required by statute. It provided no allegations that could support a finding that the source spoke with personal knowledge of the drug operation. There was no indication that the source was credible or the information reliable. So the police executing the search did not act in objectively reasonable reliance on the warrant because its supporting affidavit plainly did not comply with the statutory requirements of MCL 780.653. Accordingly, the good-faith exception does not pardon the officers’ execution of an unconstitutional warrant.
In addition, there is evidence that the affiant intentionally or recklessly indicated that the anonymous tip had been received directly, rather than through Crime Stoppers. An appellate court reviews for clear error the finding that an affidavit in support of a search warrant was misleading because it contained false statements made knowingly and intentionally or with reckless disregard for their truth. United States v Henson, 848 F2d 1374, 1381 (CA 6, 1988). Clear error exists if the reviewing court is left with the “definite and firm *494 conviction that the trial court made a mistake... People v Burrell, 417 Mich 439, 449; 339 NW2d 403 (1983). Thus, we must give deference to the decision of the circuit court, which ruled “that your police department mislead [sic] the magistrate. . . .” The preliminary examination produced sufficient evidence of misleading and incomplete statements to conclude that the circuit court did not make a mistake. The affidavit must include certain indicia of reliability relating to the anonymous source. But not only did the affidavit fail to aver any of these factors, it failed to disclose that the anonymous tip originated with Crime Stoppers, a reward-based system, which bears on the source’s credibility.[7] Instead, the affidavit implied that the affiant took the anonymous tip directly.[8] The affidavit also omitted reference to the three occasions on which the police conducted surveillance of defendants’ residence, while at the preliminary hearing the affiant acknowledged that “those surveillances turned up nothing[.]” In sum, the affidavit misleadingly implied that the affiant had spoken to the anonymous source directly, which bolstered the source’s credibility, while two key facts omitted from the affidavit would have diminished the source’s credibility. The circuit court’s ruling that the affiant misled the magistrate should remain intact. As such, the good-faith exception to the warrant requirement would not apply.
*495 Because the search was conducted under a constitutionally invalid warrant and the good-faith exception does not apply, the proper remedy is to exclude the evidence discovered in the search. I would uphold the decision of the Court of Appeals.
IV THE STATUTORY VIOLATION
Having concluded that the search warrant was constitutionally invalid and that the evidence seized during the search must be suppressed, there is no need to address the violation of MCL 780.653 and its proper remedy. Accordingly, I will not reiterate my discussion of the statutory violation from the preceding section. However, the majority’s claim that this warrant did not trigger the statutory requirement that the anonymous source bear indicia of reliability merits a response.
After concluding that the search was constitutional because the trash pull alone provided probable cause for the warrant, the majority extends this reasoning to the statutory violation. According to the majority, the requirements of MCL 780.653 are not implicated at all because the affidavit was not “based upon” information from the anonymous source, but was instead “based upon” the trash pull.[9] In its reasoning, the majority attaches significance to the state of mind of the affiant, who stated in the affidavit that “based upon the items found [in the trash pull],” she had probable cause to believe that evidence of illegal drug activity would be found.
*496 This reasoning overlooks several key facts. It ignores that (1) in addition to describing the trash-pull evidence, the affidavit included a paragraph describing the information provided by the anonymous source; (2) the information from the anonymous source was the only evidence indicating a narcotics distribution operation, the offense for which the warrant was issued; and (3) the subjective basis of the affiant’s belief does not control the magistrate’s decision. But most notably, the majority overlooks the introductory language of MCL 780.653, which provides that “[t]he magistrate’s finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her.”[10] (Emphasis added.) We cannot isolate a portion of the affidavit presented to the magistrate and decide that the affidavit was “based upon” only that portion. The statute instructs that the magistrate’s finding shall be based upon all the facts in the affidavit, which included the information provided by the unnamed source. The warrant was still based upon the information provided by the unnamed source, even if the affidavit contained additional information regarding the trash pull. The státutory violation was not excused simply because the warrant was also based on the trash pull. If the affidavit had supplied only the trash-pull information, the affidavit would not have supported a warrant to search for evidence of marijuana distribu *497 tion, such as scales, plastic bags, firearms, and currency. So, clearly, the information provided by the anonymous source was an integral part of the magistrate’s decision to approve a warrant to search for evidence of distribution.[11]
The requirements of MCL 780.653 applied to this warrant because the affidavit was based upon information from an unnamed source. Thus, even if there were no constitutional violation, defendant would be entitled to a remedy as a result of the statutory violation.
V CONCLUSION
I agree with the Court of Appeals holding that the affidavit in support of the search warrant failed to establish probable cause to search for evidence of marijuana sale and distribution. I would affirm the order to suppress the evidence gathered from the search and would remand for further proceedings.
KELLY, J., concurred with CAVANAGH, J.

 Similarly, the Michigan Constitution provides that “[n]o warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation.” Const 1963, art 1, § 11.

 The affidavit stated that “your affiant received an anonymous tip stating that large quantities of marijuana was [sic] being sold and manufactured out of [defendants’ residence]. The tipster also indicated that there is a hidden room used for manufacturing Marijuana inside said residence.”

 The warrant authorized a search for
marijuana and other controlled substances, U.S. Currency, paraphernalia used in the blending, packaging and sale of the above stated controlled substance, including, but not limited to, plastic packages, paper packets, and scales for weighing, and the like, firearms and ammunition, papers and effects showing occupancy, *488 ownership, dominion, or control of said premises, including but not limited to rent and property receipts, keys, bills, and cancelled mail envelopes, and records of drug transactions ....
Further, it is highly questionable whether the contraband found in the trash, without more, could provide probable cause to believe that marijuana would be found in defendants’ home. The majority is too quick to conclude that simply because a burnt marijuana cigarette was found in defendants’ trash on one occasion, there was a “substantial basis” for inferring a “fair probability” that more marijuana would be found in defendants’ home the next day. All the trash pull established was that, on one occasion, someone with access to defendants’ trash discarded a marijuana cigarette in one of their trash bags. One could infer that the cigarette belonged to defendants, but it certainly could have come from another source, whether it was a neighbor or passerby disposing of his own garbage in defendants’ trash or a guest in defendants’ home. After all, the very reason trash searches without warrants are constitutional is because a person loses his privacy interest by putting it out for collection, thereby relinquishing control over it. Even supposing that the marijuana belonged to defendants, a single instance of marijuana use does not necessarily permit the assumption that marijuana would likely be present in defendants’ home when the warrant is executed. See, e.g., United States v Cunningham, 145 F Supp 2d 964, 967 (ED Wis, 2001) (A trace amount of cocaine discovered in a garbage search “by itself is insufficient to establish probable cause that contraband would be found at defendant’s residence. The presence of cocaine traces in garbage does not necessarily give rise to an inference that additional drugs are located on the premises. Cocaine traces may be attributable to one time personal use of drugs by either a resident or a third party.”).

 See United States v Diaz, 841 F2d 1, 4 (CA 1, 1988) (severance is appropriate “where the bulk of the warrant and records seized are fully supported by probable cause”); United States v Christine, 687 F2d 749, 754-760 (CA 3, 1982) (severance is inappropriate when valid portions are not “meaningfully severable” from the warrant, if it would be an abuse of the warrant procedure, or for a general warrant); United States v Freeman, 685 F2d 942, 952 (CA 5, 1982) (severance limited to circumstances where “legitimate fourth amendment interests will not be jeopardized,” not where, for example, “the warrant is generally invalid but as to some tangential item meets the requirements of probable cause” or where the valid items were included as a pretext to support an unlawful search); United States v Fitzgerald, 724 F2d 633, 636-637 (CA 8, 1983) (permitting severance absent a showing of pretext or bad faith); United States v Spilotro, 800 F2d 959, 967 (CA 9, 1986) (invalid portion must be “sufficiently separable from the rest of the warrant to allow severance”); see also Sells, supra at 1158-1159.

 While disclaiming a “hypertechnical” approach, the majority engages in just that when it groups the evidence sought under the warrant into three categories and declares that probable cause existed for two out of three of them. In fact, several categories of evidence sought by the warrant are unrelated to marijuana possession: possession of other controlled substances, currency, paraphernalia used in the blending, packaging, and sale of controlled substances, and records of drug transactions. The only categories of evidence sought under the warrant that would be necessary to establish the elements of simple marijuana possession would be marijuana and evidence of control over the premises.

 MCL 780.653 provides in relevant part:
The magistrate’s finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her. The affidavit may be based upon information supplied to the complainant by a named or unnamed person if the affidavit contains 1 of the following:
(b) If the person is unnamed, affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is rehable.

 The Crime Stoppers Alliance operates a toll-free hotline and offers a cash reward of up to $1,000 to any person providing a tip resulting in a felony arrest.

 Because we review the circuit court’s finding for clear error, this interpretation need not be the “only inference” that could be drawn from the affidavit, as the majority suggests. Ante at 481. The inference that guides us should be the one drawn by the circuit court. The circuit court heard the testimony of the affiant, considered the language of the affidavit, and concluded that the officer had misled the magistrate.

 MCL 780.653 provides that an
affidavit may be based upon information supplied to the complainant by... [an] unnamed person if the affidavit contains ... affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable.

 The majority apparently takes the position that although the first and second sentences of MCL 780.653 both use the phrase “based upon,” the meaning of this phrase in each sentence is completely independent of the meaning in the other. But in interpreting a statute, we must “consider both the plain meaning of the critical word or phrase as well as ‘its placement and purpose in the statutory scheme.’ ” Sun Valley Foods Co v Ward, 460 Mich 230, 237; 596 NW2d 119 (1999) (citation omitted). The fact that the first sentence of MCL 780.653 compels the magistrate to base his finding on all the facts in the affidavit cannot be ignored when reading the second sentence of the statute.

 The majority characterizes my position as “whenever an affidavit makes the slightest reference to information supplied by an informant, the requirements of MCL 780.653 must be complied with.” Ante at 483 n 44. This generalization obscures the bottom line, which is that this affidavit was based upon information from an unnamed source; thus, MCL 780.653 must be complied with.