CORRIGAN, C. J.
In this case, we must determine when the right to counsel attaches to corporeal identifications. We adopt the analysis of Moore v Illinois, 434 US 220; 98 S Ct 458; 54 L Ed 2d 424 (1977), and hold that the right to counsel attaches only to corporeal identifications conducted at or after the initiation of adversarial judicial criminal proceedings. To the extent that People v Anderson, 389 Mich 155; 205 NW2d 461 (1973), goes beyond the constitutional text and extends the right to counsel to a time before the initiation of *604 adversarial criminal proceedings, it is overruled. The Court of Appeals decision is affirmed.
I. FACTUAL HISTORY AND PROCEDURAL POSTURE
Defendant was convicted of possession of a firearm during the commission or attempted commission of a felony, MCL 750.227b(l); conspiracy, MCL 750.157a; and armed robbery, MCL 750.529, for robbing the complainant of $26 and two two-way radios. The complainant testified that two men approached him from behind and robbed him. He testified that one of the men, later identified as defendant, pointed a gun at his face while the other person took the radios and money. The complainant then called the police and gave a description of the two men, as well as a description of the gun.
An officer soon saw a man fitting the description of the man with the gun. The man, later identified as defendant, was caught after a foot chase. During the chase, the police saw defendant throw something and they later recovered a chrome handgun that matched the complainant’s description of the gun. Defendant was carrying one of the two-way radios.
Approximately ten minutes later, an officer took the complainant to a police car in which defendant was being held. The officer asked the complainant if the person sitting in the police car was involved in the robbery. The complainant immediately responded that defendant was the man who had the gun.
Defendant’s motion to suppress an on-the-scene identification by the victim on the ground that defendant was not represented by counsel at the time of the identification was denied, and defendant was convicted. *605 The Court of Appeals affirmed defendant’s conviction.[1] The Court held that the prompt on-the-scene identification did not offend the requirements set forth in Anderson and rejected defendant’s due process claim, holding that the identification was not unduly suggestive.
Defendant appealed, and this Court granted leave, limited to the issue “whether counsel is required before an on-the-scene identification can be admitted at trial.” 468 Mich 944 (2003).
II. STANDARD OP REVIEW
This Court reviews de novo questions of law relevant to a motion to suppress. People v Hawkins, 468 Mich 488, 496; 668 NW2d 602 (2003). The inquiry here involves issues of constitutional law, which are also reviewed de novo. People v Herron, 464 Mich 593, 599; 628 NW2d 528 (2001).
m. DISCUSSION
A. BACKGROUND: PEOPLE v ANDERSON
In Anderson, the right to counsel was extended to all pretrial corporeal identifications, including those occurring before the initiation of adversarial proceedings. This extension of United States v Wade, 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), to all pretrial identification procedures was based on “psychological principles,” 389 Mich 172-180, and “social science,” 389 Mich 182.
Notably absent was any grounding in our federal constitution or state constitution. In People v *606 Jackson, 391 Mich 323, 338; 217 NW2d 22 (1974), this Court acknowledged that the Anderson rules were not constitutionally mandated:
The ... Anderson rules . .. represent the conclusion of this Court, independent of any Federal constitutional mandate, that, both before and after commencement of the judicial phase of a prosecution, a suspect is entitled to be represented by counsel at a corporeal identification.... [Emphasis added.]
The Jackson Court affirmed the Anderson rules, however, as an exercise of the Court’s “constitutional power to establish rules of evidence applicable to judicial proceedings in Michigan courts and to preserve best evidence eyewitness testimony from unnecessary alteration by unfair identification procedures .. . .” Id. at 338-339. Finally, in People v Cheatham, 453 Mich 1, 9 n 8; 551 NW2d 355 (1996), this Court noted in obiter dictum that the right to counsel under Const 1963, art 1, § 20 “attaches only at or after the initiation of adversary judicial proceedings by way of formal charge, preliminary hearing, indictment, information, or arraignment.”
Thus, the Anderson rules lack a foundation in any constitutional provision, whether state or federal. Instead, the rules reflect the policy preferences of the Anderson Court. Similarly, the Jackson Court’s attempt to rationalize the promulgation of the rules as an exercise of the Court’s authority to promulgate rules of evidence is unpersuasive. The Anderson rules encompassed more than purely evidentiary matters,[2] and the rationale underlying them has since been disapproved in Moore.
*607 B. MOORE v ILLINOIS
In Moore, the United States Supreme Court adopted the plurality opinion in Kirby v Illinois, 406 US 682; 92 S Ct 1877; 32 L Ed 2d 411 (1972), holding:
[T]he right to counsel announced in Wade [supra] and Gilbert [a California, 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967),] attaches only to corporeal identifications conducted “at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment” ... because the initiation of such proceedings “marks the commencement of the criminal prosecutions to which alone the explicit guarantees of the Sixth Amendment[3] are applicable.” [Moore, supra at 226-227 (citations omitted).]
The Court further noted that identifications conducted before the initiation of adversarial judicial criminal proceedings could still he challenged:
In such cases, however, due process protects the accused against the introduction of evidence of, or tainted by, unreliable pretrial identifications obtained through unnecessarily suggestive procedures. [Id. at 227 (emphasis added; citations omitted).]
Therefore, it is now beyond question that, for federal Sixth Amendment purposes, the right to counsel attaches only at or after the initiation of adversarial judicial proceedings.
*608 This conclusion is also consistent with our state constitutional provision, Const 1963, art 1, § 20, which provides:
In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in prosecutions for misdemeanors punishable by imprisonment for not more than 1 year; to be informed of the nature of the accusation; to be confronted with the witnesses against him or her; to have compulsory process for obtaining witnesses in his or her favor; to have the assistance of counsel for his or her defense; to have an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court; and as provided by law, when the trial court so orders, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal. [Emphasis added.]
As Judge YOUNG noted in his opinion in People v Winters, 225 Mich App 718, 723; 571 NW2d 764 (1997), neither the Anderson decision nor the Jackson decision was based on our state constitutional provision; therefore, those cases cannot be read as expanding art 1, § 20 protections beyond those provided by the Sixth Amendment. Further, this Court has already noted in Cheatham, albeit in obiter dictum, that a defendant’s right to counsel under art 1, § 20 attaches only at or after the initiation of adversarial judicial proceedings. This Court also held in People v Reichenbach, 459 Mich 109, 119-120; 587 NW2d 1 (1998), quoting People v Pickens, 446 Mich 298, 318; 521 NW2d 797 (1994):
“[T]here exists no structural differences with regard to the right to assistance of counsel between federal and Michigan provisions. Moreover, no peculiar state or local interests exist in Michigan to warrant a different level of protection with regard to the right to counsel in the instant case. Both the federal and the state provisions originated from the same concerns and to protect the same rights.”
*609 Because the Moore analysis is consistent with both US Const, Am VI and Const 1963, art 1, § 20, which expressly apply only to criminal prosecutions, we adopt that analysis and hold that the right to counsel attaches only to corporeal identifications conducted at or after the initiation of adversarial judicial criminal proceedings.[4]
Further, we agree with Judge Young’s observation in Winters that the Anderson decision generated considerable confusion regarding its proper application. First, the Court in People v Marks, 155 Mich App 203, 209-210; 399 NW2d 469 (1986), noted that although Anderson appeared to be a Sixth Amendment case, it was really divorced from any constitutional considerations. Nevertheless, the Marks Court observed that the issue of on-the-scene identification is still often raised in the context of the Sixth Amendment right to counsel.
The Winters Court also lamented the lack of any simple, practical standard regarding on-the-scene corporeal identifications. In People v Dixon, 85 Mich App 271, 280-281; 271 NW2d 196 (1978), the Court held that if the police have “more than a mere suspicion” that the suspect is wanted for the crime, there can be no on-the-scene corporeal identification; rather, the suspect must be taken to the police station and participate in a lineup with counsel present. In People v Turner, 120 Mich App 23, 36; 328 NW2d 5 (1982), however, the Court found the Dixon rule too difficult[5] and, instead, held that police may conduct on-the-scene identifica *610 tions without counsel unless the police have “very strong evidence” that the person stopped is the perpetrator. “Very strong evidence” was defined as “where the suspect has himself decreased any exculpatory motive, i.e., where he has confessed or presented the police with either highly distinctive evidence of the crime or a highly distinctive personal appearance.” Id. at 36-37.
As the Winters Court noted, the Turner “strong evidence” rule is hardly more workable than Dixon’s “more than a mere suspicion” rule. Rather than perpetuate the confusion in this area, we take this opportunity to adopt the Moore analysis and clarify that the right to counsel attaches only to corporeal identifications conducted at or after the initiation of adversarial judicial criminal proceedings. This eliminates any unwarranted confusion and allows the focus to be on whether the identification procedure used violates due process.[6]
IV APPLICATION
The on-the-scene identification in this case was made before the initiation of any adversarial judicial criminal proceedings; thus, counsel was not required. Therefore, this Court affirms the decision of the Court of Appeals.
*611 V CONCLUSION
The Anderson rule, extending the right to counsel to all pretrial identifications, is without constitutional basis. Consistently with both the United States Constitution and the Michigan Constitution, we adopt the straightforward analysis of Moore v Illinois and hold that the right to counsel attaches only to corporeal identifications conducted at or after the initiation of adversarial judicial criminal proceedings. The Court of Appeals decision is affirmed.
Weaver, Taylor, Young, and Markman, JJ., concurred with Corrigan, C.J.

 Unpublished opinion per curiam, issued September 17, 2002 (Docket No. 232041).

 See McDougall v Schanz, 461 Mich 15, 29; 597 NW2d 148 (1999), which disapproved of previous blanket statements of authority over all matters relating to the admission of evidence.

 The Sixth Amendment of the United States Constitution provides:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of counsel for his defense. [Emphasis added.]

 Because the instant case involves a corporeal identification conducted prior to the initiation of adversarial judicial proceedings, we do not, contrary to the dissent’s contention, address whether a defendant has a right to an attorney after the initiation of adversarial judicial proceedings during a photographic showup. Post at 612.

 It must he noted that the Turner Court did retain the Dixon standard where the police have already validly arrested the suspect for an unrelated offense. Turner, supra at 37.

 Although we recognize the importance of stare decisis, it is appropriate to overrule Anderson because, as explained above, it is clearly inconsistent with Const 1963, art 1, § 20. Further, there are no relevant “reliance” interests involved and overruling Anderson would, therefore, not produce any “practical real-world dislocations.” See Robinson v Detroit, 462 Mich 439, 465-466; 613 NW2d 307 (2000). Contrary to the dissent’s suggestion, this Court has never held that a “special justification” must be established before this Court will depart from precedent. Post at 617. Finally, as explained above, the courts have had considerable difficulty in applying Anderson, and the resulting confusion and instabihty also demonstrate the need to overrule Anderson.