# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARVIN LATAVIOUS DILLON,

        Defendant-Appellant.

UNPUBLISHED
September 12, 2017

No. 332406
Wayne Circuit Court
LC No. 15-008783-01-FC

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of armed robbery, MCL 750.529. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 8 to 20 years' imprisonment. We affirm defendant's conviction and sentence but remand for the correction of the judgment of sentence.[1]

On appeal, defendant first argues that the trial court erred in admitting the victim's testimony identifying defendant as the perpetrator of the robbery. Specifically, defendant contends that the showing of security video footage to the victim on the evening before trial was impermissibly suggestive and that there was no independent basis for the victim's in-court identification of defendant. Defendant also contends that the testimony of Jeffrey Russo, an investigator who provided the video footage to the police, impermissibly identified defendant at trial as the assailant shown in the video. We disagree in both respects.

A trial court's ultimate determination regarding whether to admit identification evidence is reviewed for clear error. *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013).

---

[1] The judgment of sentence incorrectly indicates that defendant was convicted by plea. Defendant is entitled to a remand for the ministerial task of correcting the judgment of sentence to reflect that defendant was convicted by jury trial. See MCR 6.435(A) ("Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.").

"Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *Id*. Any issues of law related to this decision are reviewed de novo. *Id*.

"A photographic identification procedure or lineup violates due process guarantees when it is so impermissibly suggestive as to give rise to a substantial likelihood of misidentification." *Id*. at 357. "The fairness of an identification procedure is evaluated in light of the total circumstances to determine whether the procedure was so impermissibly suggestive that it led to a substantial likelihood of misidentification." *People v Hornsby*, 251 Mich App 462, 466; 650 NW2d 700 (2002). "Simply because an identification procedure is suggestive does not mean it is necessarily constitutionally defective." *People v Colon*, 233 Mich App 295, 304; 591 NW2d 692 (1998).

In this case, showing the security video to the victim was not so impermissibly suggestive that it led to a substantial likelihood of misidentification.[2] The security video was not created for the purpose of identifying defendant. There is nothing in the record to contradict the prosecutor's explanation that neither she nor the officer-in-charge said anything to the victim when showing him the video. When shown the video, the victim spontaneously stated that the video depicted the person who robbed him, and the victim then exhibited what appeared to be a natural emotional reaction by shaking and crying when asked further questions about the robbery. Even if showing the video was suggestive, it did not lead to a substantial likelihood of misidentification. Defendant admitted that he was the person shown in a still photograph extracted from the beginning of the video, and the testimony of Russo established the continuity of the video footage shot from multiple cameras leading up to the robbery. Therefore, there was not a substantial likelihood that viewing the video would lead the victim to misidentify defendant.

Even if showing the video to the victim comprised an impermissibly suggestive identification procedure, reversal is not required because there was an independent basis for the victim's in-court identification of defendant at trial. "If a witness is exposed to an impermissibly suggestive pretrial identification procedure, the witness's in-court identification will not be allowed unless the prosecution shows by clear and convincing evidence that the in-court identification will be based on a sufficiently independent basis to purge the taint of the illegal identification." *Id*. at 304. Factors to consider in assessing whether an independent basis for the identification exists include: whether the witness had a prior relationship with or knowledge of the defendant; the witness's opportunity to observe the offense, including the length of time of the observation and lighting conditions; the length of time between the offense and the

---

[2] The trial court apparently concluded that showing the video to the victim comprised an impermissibly suggestive identification procedure. The court nonetheless admitted the victim's identification testimony but excluded the beginning of the video from which a still photograph of defendant was extracted (while admitting the photograph itself). In any event, the trial court reached the correct result by admitting the victim's identification testimony, and this Court will affirm a lower court decision if the trial court reaches the correct result even if for an incorrect reason. *People v McLaughlin*, 258 Mich App 635, 652 n 7; 672 NW2d 860 (2003).

identification; any discrepancies between the witness's description and the defendant's actual description; any prior proper identification or failure to identify the defendant; any prior identification of another person as the assailant; the witness's psychological and physical condition; and any idiosyncratic or special features of the defendant. *People v Gray*, 457 Mich 107, 115-116; 577 NW2d 92 (1998). Not all factors are relevant in every case, and a court may put greater or lesser weight on any factor on the basis of the circumstances. *Id*. at 117 n 12.

The record in this case establishes that the victim had ample opportunity to observe the assailant. The video reflects that the victim's encounter with the robber lasted approximately three minutes, and the area was well lighted. Although the victim incorrectly described the assailant as wearing blue jeans, the victim's description was at least reasonably accurate in other respects, including his estimations of defendant's age, build, and height. The fact that the victim was unable to identify defendant in a pretrial photographic lineup does not bar admission of his subsequent in-court identification, given the other indicia of reliability. See *People v Kurlyczyk*, 443 Mich 289, 309; 505 NW2d 528 (1993) (opinion by GRIFFIN, J.), overruled on other grounds by *People v Hickman*, 470 Mich 602 (2004) ("Where there are other indicia of reliability, an initial inability to identify the defendant or a tentative false identification of another person will not invalidate a witness's identification of the defendant."). When a witness fails to identify the defendant at a pretrial proceeding, defense counsel is free to inform the jury of the circumstances of the prior unsuccessful identification. See *People v Hampton*, 138 Mich App 235, 239; 361 NW2d 3 (1984). Defense counsel cross-examined the victim at trial about his failure to identify defendant in the pretrial photographic lineup. The victim never identified anyone other than defendant as the perpetrator. In light of the foregoing facts, an independent basis existed for the victim's in-court identification.

We also disagree with the contention that Russo made an inadmissible identification of defendant. Russo merely indicated that defendant had admitted to being the person seen on the video and later clarified that defendant admitted to being the person in the still photograph extracted from the video. Accordingly, defendant has failed to establish any error in the admission of Russo's testimony.

In any event, erroneously admitted identification testimony "warrants reversal only when the error is not harmless beyond a reasonable doubt." *Id*. at 239. The victim's identification of defendant was not critical given that a video of the robbery existed, defendant admitted to being the person in the still photograph extracted from the video, and Russo testified about the continuity of the video footage shot from multiple cameras. The jury viewed the video and the still photograph and could see for itself the continuous footage leading up to robbery. The victim's identification testimony was challenged on cross-examination on the basis of his failure to identify defendant in the photographic lineup and his inaccurate description of the assailant's clothing. If the jury was not persuaded by the overwhelming video evidence showing defendant committing the crime, the jury would not have convicted defendant on the basis of the victim's identification testimony that was extensively challenged on cross examination. See *id*. ("If jurors were not convinced by the other strong evidence identifying defendant as one of the robbers, they would not have been moved by the identification testimony of [a witness] which was discredited on cross-examination."). Thus, any error in the admission of the identification evidence in this case was harmless beyond a reasonable doubt.

Defendant next argues that the prosecutor engaged in misconduct by asking leading questions.[3] This issue is unpreserved because defendant did not request a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010).

> Issues of prosecutorial misconduct are reviewed de novo to determine whether the defendant was denied a fair and impartial trial. Further, allegations of prosecutorial misconduct are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context.
>
> Unpreserved issues are reviewed for plain error affecting substantial rights. Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings. Further, this Court cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect. [*Id.* at 475-476 (quotation marks, brackets, and citations omitted).]

"A prosecutor's good-faith effort to admit evidence does not constitute misconduct." *People v Dobek*, 274 Mich App 58, 70; 732 NW2d 546 (2007). "Further, reversal is not required simply because leading questions were asked during trial. In order to warrant reversal, it is necessary to show some prejudice or pattern of eliciting inadmissible testimony." *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001) (citations and quotation marks omitted). Although leading questions are generally deemed improper on direct examination, they are not categorically barred. See MCL 768.24 ("Within the discretion of the court no question asked of a witness shall be deemed objectionable solely because it is leading."); MRE 611(d)(1) ("Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony.").

Here, defendant provides no basis to conclude that the prosecutor's questions were anything other than good-faith attempts to introduce evidence, and we do not discern a troublesome pattern in the prosecutor's questions. Further, defendant has failed to demonstrate any outcome-determinative prejudice given the strong evidence of guilt discussed above. In any event, any minimal prejudice was alleviated by the trial court's instructions that the lawyers' questions were not evidence and that the jury should decide the case solely on the basis of the properly admitted evidence. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003) ("Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors."). Thus, we cannot conclude that the prosecutor's questioning amounted to prosecutorial misconduct.

Defendant argues that he is entitled to a new trial on the basis of the alleged errors discussed above. A trial court's decision whether to grant or deny a motion for a new trial is

---

[3] Defendant acknowledges that the trial court sustained defense counsel's objections to the allegedly leading questions but suggests that the jury somehow considered the prosecutor's questions as evidence.

reviewed for an abuse of discretion, which occurs when the trial court's decision falls outside the range of principled outcomes. *People v Powell*, 303 Mich App 271, 276-277; 842 NW2d 538 (2013).

As explained, defendant has not demonstrated the existence of any error requiring reversal. He has thus failed to establish that the trial court's denial of his motion for a new trial fell outside the range of principled outcomes.

Defendant next argues that the trial court abused its discretion in denying his motion for a mistrial. A trial court's denial of a motion for a mistrial is reviewed for an abuse of discretion. *People v Dennis*, 464 Mich 567, 572; 628 NW2d 502 (2001). "[A]bsent a showing of prejudice, reversal is not warranted. The trial court's ruling must be so grossly in error as to deprive the defendant of a fair trial or amount to a miscarriage of justice." *People v Wells*, 238 Mich App 383, 390; 605 NW2d 374 (1999) (citations omitted). "A mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way." *People v Gonzales*, 193 Mich App 263, 266; 483 NW2d 458 (1992). In general, "an unresponsive, volunteered answer to a proper question is not cause for granting a mistrial." *Id*. at 266-267 (citation and quotation marks omitted).

In this case, defendant contends that he is entitled to a mistrial on the basis of the testimony of the arresting officer, Trey Lyons. Lyons testified that he took defendant's shoes into evidence because Lyons believed that defendant "was wearing those when he committed the robbery." The prosecutor did not ask Lyons if he believed defendant committed the robbery. Rather, the prosecutor merely asked Lyons if he recognized shoes that were marked as a proposed exhibit. Lyons's reply was nonresponsive to the prosecutor's question, which is not a ground for granting a mistrial. See *id*. Moreover, Lyons later acknowledged on cross-examination that he had no personal knowledge of what happened on the date of the robbery. Defendant has thus failed to establish that Lyons's testimony was so prejudicial that defendant was denied a fair trial.[4]

Finally, defendant argues that he was deprived of his constitutional right to the effective assistance of counsel because trial counsel inadvertently generated evidence establishing defendant's guilt by eliciting testimony from Russo connecting the still photograph of defendant to the video depicting the robbery. Defendant did not properly preserve this issue for appellate review. Thus our review is limited to mistakes that are apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

---

[4] Defendant also asserts that he is entitled to a mistrial on the basis of the prosecutor's leading questions. However, as explained above, defendant has failed to establish any significant prejudice arising from the prosecutor's allegedly leading questions, particularly given the trial court's instructions to the jury that the lawyers' questions were not evidence and that the jury should decide the case solely on the basis of the properly admitted evidence.

"To prove that defense counsel was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *Heft*, 299 Mich App at 80-81. "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. *Id*. at 81. "Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

In this case, trial counsel's performance did not fall below an objective standard of reasonableness. Rather, defense counsel's cross-examination of Russo appears to reflect a trial strategy of generating confusion regarding the date that the photograph was taken. Defense counsel asked whether the photograph contained a specific date, and Russo indicated that it did not. Defense counsel also questioned Russo about a description or legend that had been removed from the photograph. Defense counsel's effort to disconnect the photograph from the video or at least generate uncertainty on the matter was a reasonable strategy given that defendant had admitted that he was the person depicted in the photograph and the trial court had excluded the portion of the video from which the photograph had been extracted. The fact that this strategy was ultimately unsuccessful does not establish that defense counsel's performance was deficient. *Petri*, 279 Mich App at 412. In any event, defendant has not demonstrated a reasonable probability of a different outcome but for defense counsel's performance. Defendant's assertion that the prosecutor had not already established a connection between the still photograph and the video is incorrect. The record clearly indicates that on direct examination, Russo indicated that the still photograph was taken from the video. Moreover, defendant admitted that he was the person shown in the photograph that was extracted from the video. It makes little difference that this testimony was also developed during Russo's cross-examination because the connection between the photograph and the video had already been established. Thus, defendant has not established that his trial counsel was ineffective.

Affirmed but remanded for the ministerial task of correcting the judgment of sentence. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray

-6-